# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBRA PEPE, | No. 4:20-CV-02087 |
| Plaintiff, | (Judge Brann) |
| v. | |
| UPMC WILLIAMSPORT and UPMC SUSQUEHANNA, | |
| Defendants. | |

## MEMORANDUM OPINION

### MAY 27, 2021

## I. BACKGROUND

On November 10, 2020, Plaintiff Debra Pepe filed a two-count complaint against Defendants UPMC Williamsport and UPMC Susquehanna (collectively, "UPMC").[1] Pepe alleges that UPMC violated the Age Discrimination in Employment Act ("ADEA") and the Pennsylvania Human Relations Act ("PHRA").[2] On January 15, 2021, UPMC filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.[3]

The motion is now ripe for disposition; for the reasons that follow, UPMC's motion to dismiss is denied.

---

[1] Doc. 1.
[2] *Id.*
[3] Doc. 6.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), the Court dismisses a complaint, in whole or in part, if the plaintiff has failed to "state a claim upon which relief can be granted." A motion to dismiss "tests the legal sufficiency of a pleading"[4] and "streamlines litigation by dispensing with needless discovery and factfinding."[5] "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."[6] This is true of any claim, "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one."[7]

Following the Roberts Court's "civil procedure revival,"[8] the landmark decisions of *Bell Atlantic Corporation v. Twombly*[9] and *Ashcroft v. Iqbal*[10] tightened the standard that district courts must apply to 12(b)(6) motions.[11] These cases "retired" the lenient "no-set-of-facts test" set forth in *Conley v. Gibson* and replaced it with a more exacting "plausibility" standard.[12]

Accordingly, after *Twombly* and *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim

---

[4] *Richardson v. Bledsoe*, 829 F.3d 273, 289 n.13 (3d Cir. 2016) (Smith, C.J.) (citing *Szabo v. Bridgeport Mach., Inc.,* 249 F.3d 672, 675 (7th Cir. 2001) (Easterbrook, J.).
[5] *Neitzke v. Williams,* 490 U.S. 319, 326-27 (1989).
[6] *Id.* at 326 (citing *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984)).
[7] *Id.* at 327.
[8] Howard M. Wasserman, The Roberts Court and the Civil Procedure Revival, 31 Rev. Litig. 313, 316, 319-20 (2012).
[9] 550 U.S. 544 (2007).
[10] 556 U.S. 662, 678 (2009).
[11] *Id.* at 670 (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)) ("[a]cknowledging that *Twombly* retired the *Conley* no-set-of-facts test").
[12] *Id.* (citing *Conley*, 355 U.S. at 41 (1957).

to relief that is plausible on its face.'"[13] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[14] "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully."[15] Moreover, "[a]sking for plausible grounds . . . calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [wrongdoing]."[16]

The plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[17] No matter the context, however, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[18]

When disposing of a motion to dismiss, the Court "accept[s] as true all factual allegations in the complaint and draw[s] all inferences from the facts alleged in the light most favorable to [the plaintiff]."[19] However, "the tenet that a

---

[13] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).
[14] *Id.*
[15] *Connelly v. Lane Const. Corp.*, 809 F.3d 780 (3d Cir. 2016) (Jordan, J.) (internal citations omitted).
[16] *Twombly*, 550 U.S. at 556.
[17] *Iqbal*, 556 U.S. at 679.
[18] *Id.* at 678 (internal citations omitted) (quoting *Twombly*, 550 U.S. at 557).
[19] *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008) (Nygaard, J.).

court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions."[20] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[21]

As a matter of procedure, the United States Court of Appeals for the Third Circuit has instructed that:

> Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps. First, it must tak[e] note of the elements [the] plaintiff must plead to state a claim. Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.[22]

In an employment discrimination case, a plaintiff *may* defeat a motion to dismiss by alleging a *prima facie* case.[23] However, such a showing is not necessary.[24] Rather, "[t]he complaint need only allege enough facts to 'raise a reasonable expectation that discovery will reveal evidence of [each] necessary element.'"[25]

---

[20] *Iqbal*, 556 U.S. at 678 (internal citations omitted); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (Nygaard, J.) ("After *Iqbal*, it is clear that conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss.").
[21] *Iqbal*, 556 U.S. at 678.
[22] *Connelly*, 809 F.3d at 787 (internal quotations and citations omitted).
[23] *Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021) (citations omitted).
[24] *Id.* (citations omitted).
[25] *Id.* (alterations in original) (quoting *Fowler*, 578 F.3d at 213); *Connelly*, 809 F.3d at 788 ("[A]t least for purposes of pleading sufficiency, a complaint need not establish a *prima facie* case in order to survive a motion to dismiss.").

### III. FACTS ALLEGED IN THE COMPLAINT

Pepe, who was born in 1959, began employment at UPMC on April 29, 2019 as an echocardiographer.[26] Pepe commenced training in April 2019, and was given a permanent assignment as an echocardiographer at UPMC's Sunbury and Muncy locations.[27] Pepe alleges that, at all relevant times, she conducted her work in "a good, professional and competent manner" and was qualified for her position.[28] Nevertheless, Pepe was terminated by letter dated May 30, 2019 because she had purportedly "stuck herself with a clean needle and proceeded to use the contaminated needle to vent a vial of Definity which was to be administered to a patient."[29] Robyn Diakite, Pepe's supervisor, sent this termination letter.[30]

Pepe alleges that the stated reasons for her termination were false, and that Pepe had in fact inadvertently scratched herself with a needle prior to inserting it into the vial of Definity, and had subsequently disposed of both the needle and vial.[31] Pepe claims that, after scratching herself, she had reported what had occurred to her coworker, Andrea Barnat, who then reported the incident to Ariana Mills, UPMC's lead technician, who then reported the incident to Diakite.[32]

---

[26] Doc. 1 at ¶¶ 18,19, 21.
[27] *Id.* at ¶¶ 22-23.
[28] *Id.* at ¶ 24-25.
[29] *Id.* at ¶¶ 26-27.
[30] *Id.* at ¶ 26.
[31] *Id.* at ¶¶ 28-29.
[32] *Id.* at ¶¶ 30, 35, 38.

However, because no employee actually witnessed Pepe dispose of the needle and vial, Pepe claims that UPMC had no basis for asserting that Pepe had acted in an unsafe manner or put a patient at risk.[33]

Pepe further alleges that Barnat, Mills, and Diakite are all substantially younger than her, and that she was treated less favorably than similarly situated, younger echocardiographers.[34] Specifically, Pepe cites an incident occurring the same day where Mills admitted to mislabeling the names on patient echocardiograms.[35] Despite admitting to this error as a "bad habit," Mills faced no disciplinary action.[36] Pepe now claims that UPMC terminated her on the basis of her age in violation of the ADEA and PHRA.

## IV. DISCUSSION

To state a *prima facie* case of discrimination under the ADEA and PHRA,[37] a plaintiff must allege: "(1) that he is a member of a protected class; (2) that he is qualified for the position; (3) that he was . . . fired from that position; (4) under circumstances that give rise to an inference of unlawful discrimination such as might occur when the position is filled by a person not of the protected class."[38]

---

[33] *Id.* at ¶¶ 36-40.
[34] *Id.* at ¶¶ 41-42.
[35] *Id.* at ¶¶ 44-45.
[36] *Id.* at ¶¶ 45-46.
[37] *Martinez*, 986 F.3d at 265 ("Our analysis of the ADEA applies equally to the PHRA." (citing *Kelly v. Drexel Univ.*, 94 F.3d 102, 105 (3d Cir. 1996))).
[38] *McNeil v. Greyhound Lines, Inc.*, 69 F. Supp. 3d 513, 522 (E.D. Pa. 2014) (internal quotation marks omitted) (quoting *Jones v. Sch. Dist.*, 198 F.3d 403, 410-11 (3d Cir. 1999)).

UPMC asserts that the second and fourth elements have not been adequately pled and, consequently, that Pepe's complaint must be dismissed.

### A. Qualifications

UPMC first argues that Pepe has not pled facts sufficiently demonstrating that she was qualified to work as an echocardiographer. UPMC contends that the allegation that Pepe was qualified for such a position is not entitled to any weight because it is merely consistent with an element that Pepe ultimately must prove. UPMC further claims that Pepe was only in training and was thus not qualified to work as an echocardiographer. Additionally, UPMC faults Pepe for failing to allege facts regarding her "qualifications, education, or experience." In support, UPMC cites two district-court decisions dismissing a plaintiff's complaint, at least in part, for failing to plead specific facts showing that the plaintiff was qualified for a particular position.[39]

The Court disagrees. The Third Circuit made clear in *Connelly v. Lane Construction Corp.* and *Martinez v. UPMC Susquehanna* that, in a discrimination action, a plaintiff need not plead every element of a *prima facie* case to survive a

---

[39] *E.g.*, *Breslow v. State Street Corp.*, 2020 WL 3542295, at *3 (E.D. Pa. June 30, 2020) (dismissing a plaintiff's sex-discrimination claims in part because she offered no factual allegations regarding her qualifications); *Mwimbwa v. CSL Plasma, Inc.*, 2020 WL 6118767, at *3 (E.D. Pa. Oct. 15, 2020) ("Mwimbwa fails to satisfy the second element because she says nothing in the Complaint about her qualifications . . . For example, the Complaint does not include any allegations related to her education or work experience." (internal citations omitted)).

motion to dismiss.[40]  Thus, "[t]he complaint need only allege enough facts to 'raise a reasonable expectation that discovery will reveal evidence of [each] necessary element.'"[41]  After considering the complaint in this matter, the Court is convinced that Pepe's allegations that she was qualified to work as an echocardiographer, and that she was hired as an echocardiographer, raise a reasonable expectation that discovery will reveal evidence of this specific element.  Accordingly, UPMC's motion to dismiss Pepe's complaint on this issue is denied.

   B.   **Similarly Situated Comparators**

UPMC next argues that Pepe has not pled facts plausibly alleging the fourth element, that she was terminated under circumstances giving rise to an inference of intentional discrimination.  To adequately allege the fourth element, a plaintiff's complaint "may either: (1) allege that 'similarly situated employees who . . . were not members of the protected class . . . were treated more favorably under similar circumstances' or (2) allege facts that 'otherwise show[] a causal nexus between [the employee's] membership in a protected class and the adverse employment action.'"[42]  Pepe argues only that she has adequately alleged that she was treated

---

[40] *Martinez*, 986 F.3d at 266; *Connelly*, 809 F.3d at 789 ("A *prima facie* case is 'an evidentiary standard, not a pleading requirement . . . and hence is 'not a proper measure of whether a complaint fails to state a claim.'" (internal citations omitted)).
[41] *Martinez*, 986 F.3d at 266 (alteration in original) (quoting *Fowler*, 578 F.3d at 213).
[42] *Drummer v. Trs. Of Univ. of Pa.*, 286 F. Supp. 3d 674, 681 (E.D. Pa. 2017) (alterations in original) (quoting *Greene v. V.I. Water & Power Auth.*, 557 Fed. Appx. 189, 195 (3d Cir. 2014)).

less favorably than similarly situated employees who were significantly younger than her.

"A similarly situated employee does not need to be identically situated, but the comparator must be similar to plaintiff in 'all relevant respects.'"[43] "Factors relevant to the analysis are whether the employees dealt with the same supervisor, were subject to the same standards, shared similar job responsibilities and the nature of the misconduct."[44] Additionally, because the question of whether comparators are similarly situated is ordinarily one for a jury, dismissal is only appropriate in limited circumstances.[45]

UPMC argues that the only comparator Pepe identifies (Mills) is so dissimilarly situated as to warrant dismissal. UPMC contends that accidentally scratching oneself with a needle (and perhaps exposing a patient to contamination) is vastly different from Mills' mislabeling of echocardiograms. In support, UPMC cites *Opsatnik v. Norfolk Southern Corp.*[46] There, the Third Circuit found as a matter of law (on a motion for summary judgment) that a plaintiff who had violated a company policy while operating a train carrying hazardous materials was not similarly situated to comparators who committed "non-operational

---

[43] *Abdul-Latif v. Cnty. of Lancaster*, 990 F. Supp. 2d 517, 525-26 (E.D. Pa. 2014) (citing *Wilcher v. Postmaster Gen.*, 441 Fed. Appx. 879, 881-82 (3d Cir. 2011), *cert. denied*, 565 U.S. 1239 (2012)).
[44] *Id.* at 526 (citations omitted).
[45] *See id.* ("Summary judgment is appropriate where there is no evidence from which a jury could conclude the parties were similarly situated." (citations omitted)).
[46] 335 Fed. Appx. 220 (3d Cir. 2009).

offenses, including violations of the attendance policy and the drug and alcohol abuse policy."[47]

But *Opsatnik* is distinguishable because the dissimilarity between operating a train containing hazardous materials at dangerous speeds and violating a company's substance-abuse policy is much more obvious than what is alleged in the complaint. Pepe has alleged that the act of accidentally scratching oneself with a needle (and safely disposing of the needle and a contaminated vial) is similar in kind to mislabeling a patient's echocardiogram because they both relate to patient safety. Given this, the Court simply cannot rule that these alleged violations are so facially dissimilar as to necessitate dismissal.[48] UPMC's motion to dismiss on this basis is therefore denied.

## V. CONCLUSION

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[47] *Id.* at 223. More specifically, the plaintiff had operated a train carrying hazardous materials at "speeds in excess of [a] weather-related speed restriction" after disregarding a dispatcher's instructions. *Id.* at 221-22.

[48] The other cases UPMC cites are likewise distinguishable. In one, the plaintiff was the comparators' supervisor, *Braddock v. SEPTA*, 2014 WL 6698306, at *4 (E.D. Pa. Nov. 25, 2014), and in the other, the plaintiff failed to proffer any allegations "regarding the ages, jobs, and qualifications" of the comparators. *Mwimbwa*, 2020 WL 6118767, at *3.